IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :   **Jointly Administered Under** |
| **KAISER ALUMINUM CORPORATION, a** | :   **Bankruptcy Case No. 02-10429 (JKF)** |
| Delaware corporation, <u>et al.</u> | :   **Chapter 11** |
| | : |
| **KAISER ALUMINUM CORPORATION, <u>et al.</u>** | :   **Case No. 06-mc-41 (JJF)** |
| | : |
| **TIG INSURANCE COMPANY,** | : |
| | : |
|      Appellants, | : |
| | : |
| | :   **Case No. 06-cv-171 (UNA)** |
| **vs.** | : |
| | : |
| **KAISER ALUMINUM CORPORATION, <u>et al.</u>,** | : |
| **KAISER ALUMINUM & CHEMICAL** | : |
| **CORPORATION, REORGANIZING** | : |
| **DEBTORS, OFFICIAL COMMITTEE OF** | : |
| **UNSECURED CREDITORS, OFFICIAL** | : |
| **COMMITTEE OF ASBESTOS CLAIMANTS,** | : |
| **RETIREES' COMMITTEE, MARTIN J.** | : |
| **MURPHY, and ANNE M. FERAZZI,** | : |
| | : |
|      Appellees. | : |
| | : |
| **COLUMBIA CASUALTY INSURANCE** | : |
| **COMPANY, TRANSCONTINENTAL** | : |
| **INSURANCE COMPANY, HARBOR** | : |
| **INSURANCE COMPANY and** | : |
| **CONTINENTAL INSURANCE COMPANY,** | : |
| | : |
|      Appellants, | : |
| | : |
| **vs.** | :   **Case No. 06-cv-172 (UNA)** |
| | : |
| **KAISER ALUMINUM CORPORATION, <u>et al.</u>,** | : |
| **KAISER ALUMINUM & CHEMICAL** | : |
| **CORPORATION, REORGANIZING** | : |
| **DEBTORS, OFFICIAL COMMITTEE OF** | : |
| **UNSECURED CREDITORS, OFFICIAL** | : |
| **COMMITTEE OF ASBESTOS CLAIMANTS,** | : |
| **RETIREES' COMMITTEE, MARTIN J.** | : |
| **MURPHY, and ANNE M. FERAZZI,** | : |
| | : |
|      Appellees. | : |

REPUBLIC INDEMNITY COMPANY,

      Appellant,

vs.

KAISER ALUMINUM CORPORATION, et al.,
KAISER ALUMINUM & CHEMICAL
CORPORATION, OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, OFFICIAL
COMMITTEE OF ASBESTOS CLAIMANTS,
MARTIN J. MURPHY, FUTURE SILICA
CLAIMANTS REPRESENTATIVE and
OFFICIAL COMMITTEE OF RETIRED
EMPLOYEES,

      Appellees.

Case No. 06-cv-173 (UNA)

ACE PROPERTY & CASUALTY COMPANY
(formerly known as Cigna Property & Casualty
Company formerly known as Aetna Insurance
Company), CENTRAL NATIONAL
INSURANCE COMPANY OF OMAHA,
CENTURY INDEMNITY COMPANY,
INDUSTRIAL INDEMNITY COMPANY,
INDUSTRIAL UNDERWRITERS
INSURANCE COMPANY and PACIFIC
EMPLOYERS INSURANCE COMPANY,

      Appellants,

vs.

KAISER ALUMINUM CORPORATION, et al.,
KAISER ALUMINUM & CHEMICAL
CORPORATION, OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, OFFICIAL
COMMITTEE OF ASBESTOS CLAIMANTS,
MARTIN J. MURPHY, ANNE M. FERAZZI
and OFFICIAL COMMITTEE OF RETIRED
EMPLOYEES,

      Appellees.

Case No. 06-cv-174 (UNA)

TRANSPORT INSURANCE COMPANY (f/k/a
Transport Indemnity Company),

      Appellant,

vs.                                                                    :     Case No. 06-cv-175 (UNA)

KAISER ALUMINUM CORPORATION, et al.,
KAISER ALUMINUM & CHEMICAL
CORPORATION, OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, OFFICIAL
COMMITTEE OF ASBESTOS CLAIMANTS,
MARTIN J. MURPHY, ANNE M. FERAZZI
and OFFICIAL COMMITTEE OF RETIRED
EMPLOYEES,

      Appellees.

---

DUNCAN J. McNEIL, III,
Pro Se,

      Appellant,

vs.                                                                    :     Case No. 06-cv-178 (UNA)

KAISER ALUMINUM CORPORATION, et al.,
      Appellees.

---

FIRST STATE INSURANCE COMPANY,
HARTFORD ACCIDENT & INDEMNITY
COMPANY, NEW ENGLAND
REINSURANCE CORPORATION and
NUTMEG INSURANCE COMPANY,

      Appellants,

vs.                                                                    :     Case No. 06-cv-179 (UNA)

KAISER ALUMINUM CORPORATION, et al.,
KAISER ALUMINUM & CHEMICAL
CORPORATION, OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, OFFICIAL
COMMITTEE OF ASBESTOS CLAIMANTS,
MARTIN J. MURPHY, FUTURE SILICA
CLAIMANTS REPRESENTATIVE and
OFFICIAL COMMITTEE OF RETIRED
EMPLOYEES,

      Appellees.

---

AIU INSURANCE COMPANY, GRANITE : 
STATE INSURANCE COMPANY, : 
INSURANCE COMPANY OF THE STATE OF : 
PENNSYLVANIA, LANDMARK INSURANCE : 
COMPANY, LEXINGTON INSURANCE : 
COMPANY, NATIONAL UNION FIRE : 
INSURANCE COMPANY and NEW : 
HAMPSHIRE INSURANCE COMPANY, : 
 : 
 : 
      Appellants, : 
 : 
vs. :    Case No. 06-cv-182 (UNA)
 : 
KAISER ALUMINUM CORPORATION, et al., : 
KAISER ALUMINUM & CHEMICAL : 
CORPORATION, OFFICIAL COMMITTEE : 
OF UNSECURED CREDITORS, OFFICIAL : 
COMMITTEE OF ASBESTOS CLAIMANTS, : 
MARTIN J. MURPHY, FUTURE SILICA : 
CLAIMANTS REPRESENTATIVE AND : 
OFFICIAL COMMITTEE OF RETIRED : 
EMPLOYEES, : 
 : 
      Appellees. :

## JOINT RESPONSE OF CERTAIN INSURERS TO JOINT MOTION OF DEBTORS AND DEBTORS IN POSSESSION AND THEIR PRINCIPAL CREDITOR CONSTITUENCIES FOR CONSOLIDATION OF APPEALS, FOR WAIVER OF MEDIATION REQUIREMENT AND FOR AN EXPEDITED HEARING ON CONFIRMATION FINDINGS AND CONFIRMATION ORDER

Certain Insurers,[1] appellants herein, respond (the "Response") as follows to the Joint

Motion of Debtors and Debtors in Possession and Their Principal Creditor Constituencies for

Consolidation of Appeals, for Waiver of Mediation Requirement and for an Expedited Hearing

---

[1] As used herein, "Certain Insurers" include: (i) Republic Indemnity Company; (ii) Transport Insurance Company (F/K/A Transport Indemnity Company); (iii) Columbia Casualty Insurance Company, Transcontinental Insurance Company, Harbor Insurance Company, and Continental Insurance Company (collectively, "CNA"); (iv) TIG Insurance Company; (v) Republic Indemnity Company; (vi) Ace Property & Casualty Company (f/k/a Cigna Property & Casualty Company f/k/a Aetna Insurance Company), Central National Insurance Company Of Omaha, Century Indemnity Company, Industrial Indemnity Company, Industrial Underwriters Insurance Company, and Pacific Employers Insurance Company; and (vii) AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, Landmark Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company and New Hampshire Insurance Company.

on Confirmation Findings and Confirmation Order (Dkt. No. 5, filed  March 17, 2006)

(hereafter, the "Joint Motion"). In support of their Response, Certain Insurers state as follows.

## PRELIMINARY STATEMENT

The Certain Insurers' critical business concerns and fundamental bankruptcy principles

are at stake in this appeal. Specifically, at issue is whether Section 1123(a)(5) of the Bankruptcy

Code permits the Debtors to assign insurance contracts from the name insured to a claimant trust,

notwithstanding the express terms of the underlying contract and applicable non-bankruptcy law.

Each of the policies (the "Policies") issued by Certain Insurers contains a "No Assignment"

clause prohibiting the assignment of interests under the Policies without the insurers' consent,

which has not been given in this case. Moreover, applicable nonbankruptcy law in this case

would result in enforcement of any such No Assignment clauses. See, e.g., Henkel Corp. v.

Hartford Accident and Indemnity Co., 29 Cal.4th 934 (2003) (where the California Supreme

Court enforced a "No Assignment" clause against a successor corporation seeking coverage

under policies issued to its predecessor).

Moreover, contrary to the assertions made in the Joint Motion, this important issue has

not been addressed by the Court of Appeals in this Circuit, see, e.g., In re Combustion

Engineering, 391 F. 3rd 190 (3rd Cir. 2005),[2] but one other Court of Appeals agrees with the

Certain Insurers' argument. See In re Pacific Gas & Electric Corp., 350 F.3d 932, 947-48 (9th

Cir. 2003) (where a unanimous panel of the Ninth Circuit noted that the express preemptive

scope of both Section 1142 and Section 1123(a)(5) applies to laws directly relating to the

financial condition of the debtor). The "No Assignment" provisions of the Certain Insurers'

---

[2]    As explained below, the Plan Proponents mischaracterize and misuse the Third Circuit's decision in
Combustion Engineering. While the Third Circuit, in dicta, explained that an interest of the debtor in property is
property of the estate, it did not address the issue of assignment of such property to a claimant trust.

Policies and applicable state laws enforcing the same are simply not laws that depend upon or purport to regulate the financial condition of debtors. The Plan Proponents would have this Court create new law with far-reaching consequences. At a minimum, this dispute cannot be resolved in the summary manner that the Plan Proponents propose.

Also contrary to the suggestion made in the Joint Motion, it is not merely by chance nor by the Plan Proponents' sole efforts that the Certain Insurers and the Plan Proponents agreed to limit their objections at confirmation to two discrete legal issues. This was very much a collaborative effort.[3] Indeed, as reflected in the relief requested in this Response, the Certain Insurers continue to offer ways and means in which to work with the Plan Proponents, including consolidation of the appeals and the requests for *de novo* review of the Confirmation Findings.[4]

The Plan Proponents spend considerable time in their Joint Motion over the need to get this matter resolved by April 10th in order to avoid seeking an extension of the May 11th exit financing deadline. One wonders just how arbitrary that 'deadline' really is given that these cases have been pending for over four years. Nowhere do the Plan Proponents represent that they will be unable to get an extension, nor do they appear ready to demonstrate what, if any, actual harm would befall the Debtors if they did seek and obtained an extension. Instead, the Joint Motion is replete with rampant, unsupported speculation regarding 'market reaction' to any such extension. Even assuming that the Debtors have valid timing concerns, this Court needs to balance those interests against the needs and interests of the Certain Insurers, requirements of the rules, and due process.

---

[3]    Indeed, the Bankruptcy Court expressly thanked and congratulated all parties, *including the insurers*, for doing a "wonderful job getting the issues resolved" in furtherance of confirmation. *See* Hrg. Trp. January 9, 2006, Bankr. Dkt. No. 8135, pp. 126:20-127:3.

[4]    Capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Joint Motion.

There is also a question of fundamental fairness. The Certain Insurers have compromised substantially to this point in order to work with the Plan Proponents and expedite the confirmation process. That compromise came with a specific understanding that the Certain Insurers would be able to pursue their remaining objections in a fair and thorough manner. The relief requested in the Joint Motion flies in the face of the parties' prior understanding and conduct. The relief being requested by the Plan Proponents has import far beyond the facts of this case. These appeals cannot be rushed through and decided in the summary manner that the Plan Proponents advocate.

## **BACKGROUND**

1.    The Certain Insurers issued insurance policies to the Debtors that are alleged by the Plan Proponents to provide coverage for certain occurrences based upon exposure to asbestos and other losses. In May 2000, KACC instituted the Coverage Action in state court in California seeking declaratory relief against some of the Certain Insurers regarding coverage for asbestos-related bodily injury products and premises liability claims brought against the Debtors. The Coverage Action was subsequently enlarged to include all of the Certain Insurers and is still pending.

2.    On February 12, 2002 (the "Petition Date"), KACC and certain of its affiliates filed petitions for relief under chapter 11 of the Bankruptcy Code.

3.    As noted in the Joint Motion, there were numerous disputes between the Plan Proponents and the insurers regarding a number of issues relating to treatment of the Debtors' asbestos-related liabilities. In an effort to substantially narrow the parties' disputes in the bankruptcy cases and to streamline the confirmation process, the parties entered into the Stipulation, which was beneficial to both sides. Pursuant to the Stipulation, the insurers retained

all of their rights, claims, and defenses under their policies and applicable law. The Plan Proponents benefited by limiting discovery and disputes over confirmation with the insurers to two issues. First, whether certain sections of the Bankruptcy Code preempt contractual provisions in insurance agreements and applicable nonbankruptcy law in permitting assignment of rights and proceeds under insurance policies to someone other than the name insured.[5] Second, whether the Plan violates certain funding requirements under Section 524(g) of the Bankruptcy Code.[6]

4.    At a hearing on confirmation of the Plan on January 9, 2006, the Bankruptcy Court overruled the Certain Insurers' objections to the Plan and subsequently entered the Confirmation Findings and the Confirmation Order. (Bankr. Dkt. Nos. 8225, 8226).

5.    On or about February 15, 2006, the Certain Insurers timely filed their notices of appeal of the Confirmation Order (the "Appeals"). *See, e.g.,* Bankr. Dkt. Nos. 8264, 8272, 8273, 8276-78, 8283.

6.    On or about February 16, 2006, the Certain Insurers timely filed their requests (the "Requests") for *de novo* review of the Confirmation Findings. *See, e.g.,* Bankr. Dkt Nos. 8293, 8295-99.

7.    On February 24, 2006, the Plan Proponents filed in the Bankruptcy Court a joint request to expedite the appeals (Bankr. Dkt. No. 8338), which seeks essentially the same relief as

---

[5]    *See* "Certain Insurers' Objection To The Alleged Statutory Preemption Of Insurers' Rights And Debtors' Obligations Under Insurance Policies" dated December 2, 2005, Bankr. Dkt. No. 7839.

[6]    Specifically, the Section 524(g) objections were: (i) the contributions of Reorganized KAC and Reorganized Kaiser trading stock to the Asbestos PI Trust do not comply with the requirements of Section 524(g)(2)(B)(i)(II), and (ii) the Plan fails to satisfy the minimum funding requirement of Section 524(g)(2)(B)(i)(III) that the Asbestos PI Trust be entitled to own a majority of the voting shares of the Debtors. *See* "Insurers' Objections To Confirmation Regarding The Inadequate Contributions By The Debtors To The Asbestos PI Trust That Fail To Satisfy The Minimum Requirements Of Bankruptcy Code Section 524(G)" dated December 2, 2005, Bankr. Dkt. No. 7834.

they seek by their present Joint Motion in this Court. The Bankruptcy Court has not acted on the Plan Proponents' joint request, and presumably will not do so as the matter is now before this Court.

8.      On March 15, 2006, the Appeals and the Requests were transmitted to this Court. *See* Bankr. Dkt No. 8405.

9.      On March 17, 2006, the Plan Proponents filed their present Joint Motion. The Joint Motion seeks (1) to consolidate the several appeals and Rule 9033 requests, (2) to waive this Court's mediation requirement, (3) to preclude the parties from filing any briefs in these appeals, and (4) to hold a hearing on these appeals on or before April 10, 2006.

### RELIEF REQUESTED

The Certain Insurers share the Plan Proponents' view that the matters taken up in the Appeals and the Requests can and should be addressed expeditiously and efficiently. Indeed, it is because the parties have been able to work together with one another that they were able to streamline the confirmation process in the manner that they did. However, greater efficiency should not come at the expense of denying the appellants basic rights they would otherwise enjoy in prosecuting their appeals. The Certain Insurers file this Response to ensure that their Appeals and their Requests are treated in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and due process. The Certain Insurers will address below each of the four case-administration issues raised in the Joint Motion, including: (i) whether the appeals of the Confirmation Order should be consolidated and the insurers' requests for *de novo* review of the Confirmation Findings dismissed; (ii) whether the Court should waive compliance with the terms of its own Order dated July 23, 2004 requiring appellate parties to mediate their

disputes; (iii) whether the Court should waive any further briefing from the parties on the issues; and (iv) whether the Court should set this matter for final hearing on or before April 10, 2006.

### A.    Consolidation Of The Appeals And The Requests For *De Novo* Review

As noted in the Joint Motion, the Certain Insurers limit their appeals and requests for *de novo* review to whether provisions in the Bankruptcy Code preempt contractual provisions and applicable nonbankruptcy law in permitting assignment of rights and proceeds under the Policies to someone other than the name insured(s). Exercising an abundance of caution, the Certain Insurers filed notices of appeal and requests for *de novo* review of the preemption issue since it is unclear whether the Confirmation Order and/or the Confirmation Findings were final and subject to appeal or proposed and recommended. The Appeals and the Requests are not substantively different from one another and the parties need not brief nor the Court need address the two separately. In an effort to increase efficiency and expedite this process, the Certain Insurers agree with the Plan Proponents that all issues raised by the appeals and Rule 9033 requests can be resolved in a consolidated proceeding.[7]

### B.    Waiving The Mediation Requirement

In their efforts to further expedite the appeals, the Plan Proponents request that this Court waive the mandatory mediation requirement for appeals from the bankruptcy court. Certain Insurers do not oppose the Plan Proponents' request to waive mediation, as mediation is not likely to achieve resolution of this matter.

---

[7]    The precise consolidation relief sought by the Joint Motion is not entirely clear. If Plan Proponents are asking that the Rule 9033 requests be dismissed (as they sought in their February 24, 2006 Bankruptcy Court filing), then Certain Insurers would oppose that relief. But if Plan Proponents are simply asking that the Rule 9033 requests be consolidated with the appeals and proceed on the same schedule, then Certain Insurers do not object. The Plan Proponents should have no objections to the latter as it accomplishes the efficiency they seek.

C.    **The Certain Insurers Require Further Briefing**

While the Certain Insurers are willing to accommodate the Plan Proponents on consolidation of their Appeals and Requests and even to forego mediation, they cannot agree to do away with further briefing of the issues before this Court. Not only is the subject matter of the Appeals of critical importance to scores of litigants nationwide in the context of mass tort litigation, but the Appeals also raise a matter of first impression in this Circuit. The Plan Proponents would have this Court believe that the preemption issue has long since been decided in their favor in the Third Circuit in In re Combustion Engineering, 391 F. 3rd 190 (3rd Cir. 2005) and that this Court is bound by precedent. *See* Joint Motion, ¶14, pp. 11-12. The Plan Proponents' reliance on Combustion Engineering is misplaced.

The Court of Appeals in Combustion Engineering affirmed the settled principle that an interest of the debtor in property (namely, a debtor's interest in the proceeds of its insurance policies) is property of the debtor's estate within the meaning of Section 541(c)(1), regardless of any contractual anti-assignment provision. Id. at p.60, fn. 27. The Third Circuit did not, however, reach the question of whether Section 1123(a)(5) preempts otherwise enforceable contractual provisions precluding assignment of "insurance rights" to a trust. Indeed, the only Circuit decision that directly addressed this issue—*In re Pacific Gas & Electric Corp.*, 350 F.3d 932 (9th Cir. 2003)—refutes the Plan Proponents' Section 1123(a)(5) express preemption argument.

The Plan Proponents again raise the 'exigencies' brought about by their exit financing arrangement. But, they cannot have it both ways. The parties consciously worked toward an expedited confirmation process by agreeing to limit the insurers' objections. Having obtained concessions from the insurers at the confirmation process, the Plan Proponents now seek to undermine the Certain Insurers' procedural and due process rights on appeal—appeals the Plan

Proponents expected all along would take place. As discussed above, however, these proceedings raise important and complex issues which deserve – indeed, require – appropriate briefing and argument. The Plan Proponents have shown no compelling reason to preclude all briefing, and granting that request would strip Certain Insurers of their due process rights to a full and fair review of the Confirmation Order and the Confirmation Findings.

In their rush to expedite consideration of this matter, the Plan Proponents argue that briefing is unnecessary because the issues "were fully briefed in the Bankruptcy Court." Joint Motion at 1. They were not. The prior briefs in Bankruptcy Court were written *before* the confirmation hearing, *before* the important colloquy between the Bankruptcy Court and representatives of the insurers which illuminate the Bankruptcy Court's legally-flawed reasoning supporting its Confirmation Findings (as captured in the transcript of the January 9, 2005 Confirmation hearings), and *before* the Bankruptcy Court issued its Confirmation Order and the Confirmation Findings. Now that the Certain Insurers know the substance of, and the assumptions supporting, the Bankruptcy Court's rulings, they must be allowed to brief the specifics of those rulings in order to clarify the issues before this Court. To prevent the insurers from exercising their due process appellate rights would be an unwarranted, far-reaching and improper result.

Moreover, the affirmance or reversal of the Bankruptcy Court's preemption ruling on appeal will not impair the Plan Proponents' ability to consummate their Plan. Indeed, the Plan itself contemplates a scenario where federal preemption is rejected by the federal courts, in which case the permissible scope of the proposed assignment will be decided among many other issues in the on-going California coverage litigation instituted by the Debtors pre-petition. It is, therefore, no accident that the Stipulation specifically provides:

> In the event that the Bankruptcy Court or a higher court enters a final and nonappealable order sustaining the Insurers' objections based on the issues set forth in Section 3(a) hereof, then the Parties shall present to the State Court for adjudication the issue of whether the Assignment is valid under the terms of the Policies and applicable state law.

*See* Stipulation, ¶7, p.4. This language was specifically added to protect the Plan Proponents. Even if the Plan Proponents lose the preemption issue in this or subsequent appeals, they retain the right to argue in the Coverage Action that the Plan's assignment of PI Insurance Assets to the Trust is valid under state law. On the other hand, if the insurers' preemption arguments are rejected by the Court and higher courts on appeal, then the insurers will be unable to contest the efficacy of the assignments in the Coverage Action. Because the Plan and the Stipulation expressly contemplate and provide for the continued litigation of the preemption/assignment issue, consummation of the Plan is not dependent upon a resolution of this issue anytime soon. On the other hand, the fundamental contractual rights of the Debtors' insurers, including the Certain Insurers, will be affected. As a result, the Plan Proponents' stated need for expedited review without further briefing rings hollow.

These Appeals are not a luxury for the Certain Insurers. The Certain Insurers ask that the Court recognize that they are entitled to fully brief the issues in their Appeals.

### D.     Setting An Expedited Schedule

Finally, Certain Insurers agree with the Plan Proponents that this matter can be briefed and heard, based on this Court's availability, in a relatively short period of time. However, the timeline proposed by the Plan Proponents is neither reasonable nor workable. Under normal procedures, briefing is usually done on a 40-day schedule (*i.e.*, 15 days for appellant's opening brief, 15 for the responding brief, and 10 for reply), after which oral argument is ordinarily held. *See* Fed. R. Bankr. P. 8003(a), 8012. Assuming that the mandatory mediation requirement is

waived by this Court,[8] Certain Insurers are willing to agree to a reasonable shortening of this schedule. But Plan Proponents seek extreme relief – barring all briefs in this Court, and holding oral argument on or before April 10, 2006, barely 26 days after the record was transmitted to this Court and a mere 14 days from the filing of this Response. The only reason offered by Plan Proponents for this extreme request is that Debtors' post-petition financing commitment is set to expire on May 11, 2006; however, if Debtors wish to extend that commitment they must file a motion in the Bankruptcy Court by April 10, 2006. *See* Joint Motion at 18. Indeed, considering the known inherent uncertainties of the litigation process (as well as the contemplation of an appeal by Certain Insurers), Debtors had no reasonable assurance—and certainly no entitlement—to locking in their exit financing by May 11, 2006. Being forced to seek an extension, especially extension of financing negotiated by the Debtors in the first place, is simply not a sufficient enough burden upon the Debtors to justify depriving Certain Insurers of their fundamental due process rights in the Appeals.[9]

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

---

[8]     Certain Insurers recognize that until such time as the mediation requirement has been waived, the parties are stayed from filing briefs in these Appeals anyway. Any scheduling issue is therefore premature until this Court's decision on whether or not the parties are required to first mediate their issues on appeal.

[9]     Indeed, Debtors could file their motion seeking an extension after April 10, 2006 on an expedited basis. *See* Fed. R. Bankr. P. 9006. The Certain Insurers would certainly not object to any such motion.

WHEREFORE, Certain Insurers respectfully urge the Court to deny the relief requested in the Joint Motion and, instead, rule as follows: (a) consolidate the Appeals and the Requests into a single consolidated proceeding; (b) waive the mediation requirement, and (c) set a reasonable schedule for the consolidated proceeding which allows Certain Insurers a reasonable time to file and argue their briefs.

Dated: March 27, 2006
Wilmington, Delaware

Richard W. Riley (DE I.D. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901

Mitchell L. Lathrop, Esquire
Bridget K. Moorhead, Esquire
DUANE MORRIS LLP
101 West Broadway Street, 9th Floor
San Diego, CA 92101
Telephone:     (617) 499-2200
Facsimile:     (619) 744-2201

Russell W. Roten, Esquire
Peter B. Ackerman, Esquire
Jeff D. Kahane, Esquire
DUANE MORRIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 229-2939
Facsimile: (213) 229.2999

*Counsel for Republic Indemnity Company and Transport Insurance Company (f/k/a Transport Indemnity Company)*

/s/ Paul J. Dougherty III
Paul J. Dougherty III (# 3825)
GEBHARDT & SMITH LLP
901 Market Street, Suite 451
Wilmington, Delaware 19801
Telephone; 302-656-9002
Facsimile: 302-429-5953

Harry Lee
John F. O'Connor
George R. Calhoun, V
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: 202-429-3000

**Attorneys for TIG Insurance Company**

/s/ Carmella P. Keenar
Carmella P. Keener
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, Delaware 19801
Telephone: 302-656-4433
Facsimile: 302-658-7567

Rodney L. Eshelman
Alison V. Lippa
CARROLL, BURDICK & McDONOUGH
LLP
44 Montgomery Street
San Francisco, California 94101
Telephone: 415-989-5900
Facsimile: 415-989-0932

Lewis S. Rosenbloom
David C. Christian II
Mohsin N. Khambati
McDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Telephone: 312-372-2000
Facsimile: 312-984-7700

***Attorneys for Columbia Casualty Insurance
Company, Transcontinental Insurance
Company, Harbor Insurance Company, and
Continental Insurance Company***

/s/ Thomas G. Whalen, Jr.
Thomas G. Whalen, Jr. (# 4034)
STEVENS & LEE, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Telephone: 302-425-3304
Facsimile: 610-371-8512

Leonard P. Goldberger
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania 19103
Telephone: 215-751-2864
Facsimile: 610-371-7376

**Attorneys for ACE Property & Casualty
Company, Central National Insurance
Company of Omaha, Century Indemnity
Company, Industrial Indemnity Company,
Industrial Underwriters Insurance
Company, and Pacific Employers Insurance
Company**

/s/ Jantra Van Roy
Michael S. Davis
Jantra Van Roy
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
Telephone: 212-826-5300
Facsimile: 212-753-0396

Laurie S. Polleck (#4300)
JASPAN SCHLESINGER HOFFMAN LLP
913 Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: 302-351-8000/8005
Facsimile: 302-351-8010

**Attorneys for AIU Insurance Company,
Granite State Insurance Company,
Insurance Company of the State of
Pennsylvania, Landmark Insurance
Company, Lexington Insurance Company,
National Union Fire Insurance Company of
Pittsburgh, Pa., and New Hampshire
Insurance Company**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Jointly Administered Under** |
| **KAISER ALUMINUM CORPORATION, a** | : | **Bankruptcy Case No. 02-10429 (JKF)** |
| Delaware corporation, <u>et al.</u> | : | **Chapter 11** |
| | : | |
| | : | |
| **KAISER ALUMINUM CORPORATION, <u>et al.</u>** | : | **Case No. 06-mc-41 (JJF)** |
| | : | |
| | : | |
| **TIG INSURANCE COMPANY,** | : | |
| | : | |
|     **Appellants,** | : | |
| | : | |
| | : | **Case No. 06-cv-171 (UNA)** |
| **vs.** | : | |
| | : | |
| | : | |
| **KAISER ALUMINUM CORPORATION, <u>et al.</u>,** | : | |
| **KAISER ALUMINUM & CHEMICAL** | : | |
| **CORPORATION, REORGANIZING** | : | |
| **DEBTORS, OFFICIAL COMMITTEE OF** | : | |
| **UNSECURED CREDITORS, OFFICIAL** | : | |
| **COMMITTEE OF ASBESTOS CLAIMANTS,** | : | |
| **RETIREES' COMMITTEE, MARTIN J.** | : | |
| **MURPHY, and ANNE M. FERAZZI,** | : | |
| | : | |
|     **Appellees.** | : | |
| | : | |
| **COLUMBIA CASUALTY INSURANCE** | : | |
| **COMPANY, TRANSCONTINENTAL** | : | |
| **INSURANCE COMPANY, HARBOR** | : | |
| **INSURANCE COMPANY and** | : | |
| **CONTINENTAL INSURANCE COMPANY,** | : | |
| | : | |
|     **Appellants,** | : | |
| | : | |
| **vs.** | : | **Case No. 06-cv-172 (UNA)** |
| | : | |
| | : | |
| **KAISER ALUMINUM CORPORATION, <u>et al.</u>,** | : | |
| **KAISER ALUMINUM & CHEMICAL** | : | |
| **CORPORATION, REORGANIZING** | : | |
| **DEBTORS, OFFICIAL COMMITTEE OF** | : | |
| **UNSECURED CREDITORS, OFFICIAL** | : | |
| **COMMITTEE OF ASBESTOS CLAIMANTS,** | : | |
| **RETIREES' COMMITTEE, MARTIN** | : | |
| **J. MURPHY, and ANNE M. FERAZZI,** | : | |
| | : | |
|     **Appellees.** | | |

REPUBLIC INDEMNITY COMPANY,                          :
                                                     :
      Appellant,         :
                                                     :
vs.                                                  :    Case No. 06-cv-173 (UNA)
                                                     :
KAISER ALUMINUM CORPORATION, et al.,                 :
KAISER ALUMINUM & CHEMICAL                           :
CORPORATION, OFFICIAL COMMITTEE                      :
OF UNSECURED CREDITORS, OFFICIAL                     :
COMMITTEE OF ASBESTOS CLAIMANTS,                    :
MARTIN J. MURPHY, FUTURE SILICA                      :
CLAIMANTS REPRESENTATIVE and                         :
OFFICIAL COMMITTEE OF RETIRED                        :
EMPLOYEES,                                           :
                                                     :
      Appellees.        :

---

ACE PROPERTY & CASUALTY COMPANY                      :
(formerly known as Cigna Property & Casualty         :
Company formerly known as Aetna Insurance            :
Company), CENTRAL NATIONAL                           :
INSURANCE COMPANY OF OMAHA,                          :
CENTURY INDEMNITY COMPANY,                           :
INDUSTRIAL INDEMNITY COMPANY,                        :
INDUSTRIAL UNDERWRITERS                              :
INSURANCE COMPANY and PACIFIC                        :
EMPLOYERS INSURANCE COMPANY,                         :
                                                     :
      Appellants,       :
                                                     :
vs.                                                  :    Case No. 06-cv-174 (UNA)
                                                     :
KAISER ALUMINUM CORPORATION, et al.,                 :
KAISER ALUMINUM & CHEMICAL                           :
CORPORATION, OFFICIAL COMMITTEE                      :
OF UNSECURED CREDITORS, OFFICIAL                     :
COMMITTEE OF ASBESTOS CLAIMANTS,                    :
MARTIN J. MURPHY, ANNE M. FERAZZI                    :
and OFFICIAL COMMITTEE OF RETIRED                    :
EMPLOYEES,                                           :
                                                     :
      Appellees.        :

---

**TRANSPORT INSURANCE COMPANY (f/k/a Transport Indemnity Company),**

      **Appellant,**

vs.                                    :    **Case No. 06-cv-175 (UNA)**

**KAISER ALUMINUM CORPORATION, et al., KAISER ALUMINUM & CHEMICAL CORPORATION, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS, MARTIN J. MURPHY, ANNE M. FERAZZI and OFFICIAL COMMITTEE OF RETIRED EMPLOYEES,**

      **Appellees.**

---

**DUNCAN J. McNEIL, III,**
**Pro Se,**

      **Appellant,**

vs.                                    :    **Case No. 06-cv-178 (UNA)**

**KAISER ALUMINUM CORPORATION, et al.,**
      **Appellees.**

---

**FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT & INDEMNITY COMPANY, NEW ENGLAND REINSURANCE CORPORATION and NUTMEG INSURANCE COMPANY,**

      **Appellants,**

vs.                                    :    **Case No. 06-cv-179 (UNA)**

**KAISER ALUMINUM CORPORATION, et al., KAISER ALUMINUM & CHEMICAL CORPORATION, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS, MARTIN J. MURPHY, FUTURE SILICA CLAIMANTS REPRESENTATIVE and OFFICIAL COMMITTEE OF RETIRED EMPLOYEES,**

      **Appellees.**

---

DM3\350743.1

AIU INSURANCE COMPANY, GRANITE
STATE INSURANCE COMPANY,
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA, LANDMARK INSURANCE
COMPANY, LEXINGTON INSURANCE
COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY and NEW
HAMPSHIRE INSURANCE COMPANY,

        Appellants,

vs.

KAISER ALUMINUM CORPORATION, et al.,
KAISER ALUMINUM & CHEMICAL
CORPORATION, OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, OFFICIAL
COMMITTEE OF ASBESTOS CLAIMANTS,
MARTIN J. MURPHY, FUTURE SILICA
CLAIMANTS REPRESENTATIVE AND
OFFICIAL COMMITTEE OF RETIRED
EMPLOYEES,

        Appellees.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 06-cv-182 (UNA)

## CERTIFICATE OF SERVICE

I, Richard W. Riley, certify that I am not less than 18 years of age, and that service of a copy of the **Joint Response of Certain Insurers to Joint Motion of Debtors and Debtors in Possession and Their Principal Creditor Constituencies for Consolidation of Appeals, for Waiver of Mediation Requirement and for an Expedited Hearing on Confirmation Findings and Confirmation Order** was made on March 27, 2006 upon the individuals on the attached service list *via* regular mail.

-4-

Under penalty of perjury, I declare the foregoing is true and correct.


Dated: March 27, 2006
      Wilmington, Delaware

Richard W. Riley (DE I.D. 4052)
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:    rwriley@duanemorris.com

## SERVICE LIST

Richard W. Riley (DE I.D. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

Mitchell L. Lathrop, Esquire
Bridget K. Moorhead, Esquire
DUANE MORRIS LLP
101 West Broadway Street, 9th Floor
San Diego, CA 92101

Russell W. Roten, Esquire
Jeff D. Kahane, Esquire
DUANE MORRIS LLP
333 South Hope Street
Los Angeles, CA 90071

William P. Bowden, Esquire
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Lisa Beckerman, Esquire
Brian A. Kilmer, Esquire
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
590 Madison Avenue
New York, NY 10022

Peter Van N. Lockwood, Esquire
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005

Daniel K. Hogan, Esquire
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806

Edward F. Houff, Esquire
c/o Lynn Stewart & Tammy Nero
KAISER ALUMINUM CORPORATION
5847 San Felipe, Suite 2400
Houston, TX 77057

Daniel J. DeFranceschi, Esquire
Kimberly D. Newmarch, Esquire
RICHARD, LAYTON & FINGER, PA
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Gregory M. Gordon, Esquire
Daniel P. Winikka, Esquire
Daniel B. Prieto, Esquire
JONES DAY
2727 North Harwood Street
Dallas, TX 75201

Marla R. Eskin, Esquire
Mark T. Hurford, Esquire
CAMPBELL & LEVINE, LLC
800 King Street, Suite 300
Wilmington, DE 19801

Elihu Inselbuch, Esquire
CAPLIN & DRYSDALE, CHARTERED
399 Park Avenue
New York, NY 10022

James L. Patton, Jr., Esquire
Edwin J. Harron, Esquire
Sharon M. Zieg, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Bldg., 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899

Steven A. Felsenthal, Esquire
Peter C. D'Apice, Esquire
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689

Steven A. Buxbaum, Esquire
HAYNES AND BOONE, LLP
One Houston Center
1221 McKinney, Suite 2100
Houston, TX 77010

Rodney L. Eshelman, Esquire
Alison V. Lippa, Esquire
Raymond J. Tittman, Esquire
CARROLL, BURDICK & MCDONOUGH LLP
44 Montgomery Street
San Francisco, CA 94101

Thomas G. Whalen, Jr., Esquire
STEVENS & LEE, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Seth W. Wiener, Esquire
LEBOEUF, LAMB, GREENE & MACRAE LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

David M. Ross, Esquire
LEBOEUF, LAMB, GREENE & MACRAE LLP
1875 Connecticut Avenue, N.W., Suite 1200
Washington, DC 20009

Anthony Callaghan, Esquire
Evans Wohlforth, Esquire
David N. Crapo, Esquire
GIBBONS, DEL DEO, DOLAN, GRIFFINGER &
VECCHIONE
One River Front Plaza
Newark, NJ 07102

Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
FERRY, JOSEPH & PEARCE, P.A.
824 Market St., Suite 904
Wilmington, DE 19899

Kevin Gross, Esquire
ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Lewis S. Rosenbloom, Esquire
David C. Christian, Esquire
Jason J. DeJonker, Esquire
MCDERMOTT, WILL & EMERY
227 West Monroe Street
Chicago, IL 60606

Leonard P. Goldberger, Esquire
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103

Jared M. Katz, Esquire
LEBOEUF, LAMB, GREENE & MACRAE LLP
725 South Figueroa Street, Suite 3100
Los Angeles, CA 90017

David M. Klauder, Esquire
Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

Elizabeth J. Futrell, Esquire
Aimee M. Quirk, Esquire
JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, L.L.P.
201 St. Charles Ave.
New Orleans, LA 70170

Clark T. Whitmore, Esquire
Alain M. Baudry, Esquire
Christina A. Smith, Esquire
MASLON, EDELMAN, BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140

-2-

DM3\350743.1

Karen C. Bifferato, Esquire
Marc J. Phillips, Esquire
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

Carl N. Kunz, III, Esquire
MORRIS, JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Harold L. Kaplan, Esquire
Mark F. Hebbeln, Esquire
GARDNER CARTON & DOUGLAS LLP
191 North Wacker Drive – Suite 3700
Chicago, IL 60606-1698

Joanne B. Wills, Esquire
Jennifer L. Scoliard, Esquire
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

Laurie Schenker Polleck, Esquire
JASPAN SCHLESINGER HOFFMAN LLP
913 Market Street, 12th Floor
Wilmington, DE 19801

Jason Michael Madron, Esquire
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Paul J. Dougherty, III, Esquire
GEBHARDT & SMITH LLP
901 Market Street, Suite 451
Wilmington, DE 19801

George A. Davis, Esquire
Diane Harvey, Esquire
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

Christine P. Hsu, Esquire
WEIL, GOTSHAL & MANGES LLP
1501 K Street NW - Suite 100
Washington, DC 20005

Kristin K. Going, Esquire
GARDNER CARTON & DOUGLAS LLP
1301 K Street, N.W.
Suite 900, East Tower
Washington, DC 20005

Duane D. Morse, Esquire
James R. Wrathall, Esquire
WILMER CUTLER PICKERING
HALE AND DORR LLP
2445 M. Street N.W.
Washington, DC 20037

Michael S. Davis, Esquire
Jantra Van Roy, Esquire
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, NY 10022

Duncan J. McNeil, III
2030 West Spofford
Spokane, WA 99205

Harry Lee, Esquire
John F. O'Connor, Esquire
George R. Calhoun, V, Esquire
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Carmella P. Keener, Esquire
ROSENTHAL MONHAIT & GODDESS P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Frederick D. Holden, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Brian A. Kilmer, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201

DM3\350743.1